1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MATTHEW GUERRA-SHANER,

11              Petitioner,              No. CIV 09-CV-2820 GEB CHS P

12        vs.

13   TOM FELKER,

14              Respondent.          <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16                          **I.  INTRODUCTION**

17              Petitioner, Matthew Guerra-Shaner, is a state prisoner proceeding pro se with a

18   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  With this petition, Petitioner does

19   not challenge his underlying conviction and sentence.  Rather, he challenges the results a prison

20   disciplinary decision finding him guilty of a rules violation and assessing him a forfeiture of 360

21   days sentencing credit.

22                          **II.  ISSUE PRESENTED**

23              Petitioner sets forth a single ground for relief in his pending petition.  He claims that

24   there was insufficient evidence to support the result of his November 21, 2006 prison disciplinary

25

26

1

hearing in which he was found guilty of violating title 15, section 3005(c)[1] of the California Code of Regulations, which prohibits the use of force or violence by inmates.  Upon careful consideration of the record and the applicable law, it is recommended that this petition for habeas corpus relief be denied.

### III.  BACKGROUND

On July 5, 2006, Inmate McMillin was stabbed in the back with an inmate manufactured weapon during evening yard at California Correctional Center in Susanville, CA. Prison officials were informed of the stabbing, and two Correctional Officers Harwood and Cortez responded to Inmate McMillin's cell, where they found him alone and lying on the bottom bunk. The officers opened the cell door and asked Inmate McMillin to stand up and turn around slowly so that any marks indicating an injury could be observed.  Both officers reported that Inmate McMillin had suffered a small puncture wound to his back.  He was placed into handcuffs and escorted to the Lassen Clinic.  During the medical exam, it was determined that Inmate McMillin needed to be transported to the Main Clinic for further examination.  The Medical Report of Injury filed regarding the incident reflects that Inmate McMillin suffered an abrasion or scratch to his back and that the area surrounding the injury was reddened.  Prison officials were not aware of the identity of the inmate who stabbed Inmate McMillin at the time the incident occurred.  However, a confidential informant later notified officials that he had witnessed Petitioner stab Inmate McMillin on the evening of July 5, 2006.

As a result of the information obtained from the confidential informant, Petitioner was issued a Rules Violation Report ("RVR") on November 7, 2006 alleging that he stabbed Inmate McMillin in the back.  Accordingly, Petitioner was charged with a violation of title 15, section 3005(c) of the California Code of Regulations, which prohibits the use of force or violence by inmates.  More specifically, Petitioner was charged with the act of attempted murder.  On November

[1] The California Code of Regulations has been amended since Petitioner's 2006 disciplinary hearing.  Section 3005(c) is now codified in section 3005(d).

21, 2006, Petitioner appeared before a Senior Hearing Officer ("SHO") for a disciplinary proceeding and pled not guilty to the alleged rules violation.  After considering the available evidence, the SHO found Petitioner guilty of the disciplinary charge and assessed him a forfeiture of 360 days sentencing credit.  On January 4, 2007, the Institutional Classification Committee ("ICC") assessed and imposed a 26-month Security Housing Unit ("SHU") term to be served consecutively to an SHU term previously imposed on Petitioner in October 2006.  On January 22, 2007, however, the Chief Disciplinary Officer ("CDO"), determining that the evidence did not support a finding that Petitioner was guilty of attempted murder, reduced the charged act from attempted murder to battery on an inmate with a weapon, a lesser included offense.  Additionally, Petitioner's SHU term was reduced to 15 months to be served concurrent to the term imposed in October 2006.  Petitioner remained subject, however, to the 360 day forfeiture of sentencing credit

Petitioner filed an administrative appeal at the second-level of review alleging that his disciplinary conviction was not supported by sufficient evidence.  This appeal was denied.  Petitioner subsequently appealed at the Director's level of review.  The Director's level decision found that Petitioner had failed to support his appellate issues with sufficient facts or evidence.

Petitioner subsequently sought habeas corpus relief in the Lassen County Superior Court.  The court denied relief on September 25, 2008 in a brief but reasoned opinion.  The California Court of Appeal, Third Appellate District and the California Supreme Court both denied relief without comment on November 6, 2008 and May 20, 2009, respectively.  Petitioner filed the federal habeas corpus petition now before the court on October 9, 2009.  Respondent filed its answer on May 11, 2010, and Petitioner filed his traverse on May 27, 2010.

## IV.  APPLICABLE STANDARD OF HABEAS CORPUS REVIEW

This case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment on April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997).  Under AEDPA, an application for a writ of habeas corpus by a

person in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 n. 7 (2000).  Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also Penry v. Johnson*, 531 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).  This court looks to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).

## V.  DISCUSSION

### A.  DUE PROCESS IN THE PRISON DISCIPLINARY CONTEXT

Petitioner claims that his federal right to due process of law was violated when he was found guilty in a prison disciplinary proceeding of committing the act of attempted murder by stabbing another inmate with a weapon.  The disciplinary conviction was later reduced to assault on an inmate with a weapon, a lesser included offense.  Petitioner claims that insufficient evidence supported the disciplinary conviction.  He contends that the confidential informant who identified Petitioner as the person who stabbed Inmate McMillin was unreliable because the informant did not come forward until almost four months after the incident.  He also alleges that the informant was unreliable because he incriminated Petitioner in the stabbing for personal gain.  In addition, Petitioner claims that Inmate McMillin's medical evaluation indicates that he did not suffer a puncture wound but instead had a reddened scratch or abrasion on his skin, which was inconsistent

1   with a finding that Inmate McMillin was stabbed with a weapon.  Accordingly, Petitioner requests

2   that his disciplinary conviction be dismissed and that he be restored the forfeited 360 days of

3   sentencing credit.

4           The Due Process Clause of the Fourteenth Amendment prohibits state action that

5   deprives a person of life, liberty, or property without due process of law.  A person alleging a

6   violation of his right to due process must establish that he was deprived of an interest cognizable

7   under the Due Process Clause and that the procedures attendant upon that deprivation were not

8   constitutionally sufficient.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459-60;

9   *Board of Regents v. Roth*, 408 U.S. 564, 571 (1972).

10          A protected liberty interest may arise under either the due process clause itself or a

11  state statute or regulation.  *Id.* at 454; *Hewitt v. Helms*, 459 U.S. 460, 466 (1983).  Here, Petitioner

12  does not have a protected liberty interest in sentencing credits under the due process clause itself.

13  *See Sandin v. Connor*, 515 U.S. 472, 478-79 (1995); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

14  A liberty interest may arise under state law, however, when an inmate is subjected to restrictions that

15  impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of

16  prison life."  *Sandin*, 515 U.S. at 484.  The loss of sentencing credits "inevitably affect[s] the

17  duration of [a petitioner's] sentence."  *See id.* at 487.  The loss of credits, therefore, involves a right

18  of "real substance" implicating Petitioner's liberty interest under the due process clause.  *See*

19  *Gotcher v. Wood*, 66 F.3d 1097, 1100 (9th Cir. 1995).  *See also Wolff*, 418 U.S. at 557 (a prisoner's

20  interest in good time credit had "real substance" and thus entitled him to the protection of the due

21  process clause); CAL. PENAL CODE § 2932(a) (providing that sentencing credits may be forfeited if

22  a prisoner is found guilty of a serious act of misconduct); 15 CAL. CODE. REGS. § 3323 (same).

23  Thus, the procedures employed by prison officials to revoke Petitioner's sentencing credits must

24  have adhered to the requirements of federal due process.

25          It is well established that inmates subject to disciplinary action are entitled to certain

26  procedural protections under the Due Process Clause, but are not entitled to the full panoply of rights

5

afforded to criminal defendants. *Wolff*, 418 U.S. at 556. *See also Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985); *United States v. Segal*, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum). For example, an inmate does not have a right to counsel, retained or appointed, although illiterate inmates are entitled to assistance. *Wolff*, 418 at 570. Nor does an inmate have a right to confidential, irrelevant, or unnecessary information. *Id*. at 556. The United States Supreme Court has explained that, in the context of a prison disciplinary proceeding, an inmate is entitled to advance written notice of the charge against him, an opportunity to call witnesses and present evidence in his own defense where consistent with institutional safety and correctional goals, and a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken. *Id*. at 567. As a general rule, however, inmates "have no constitutional right to confront and cross-examine adverse witnesses" in prison disciplinary proceedings. *Ponte*, 471 U.S. at 510. *See also Baxter*, 425 U.S. at 322-23. Instead, the opportunity to call witnesses and present documentary evidence is limited by the rule that "prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority." *Ponte v. Real*, 471 U.S. 491, 496 (1984). The right to call witnesses is subject to the "mutual accommodation between institutional needs and objectives and the provisions of the Constitution." *Baxter v. Palmigiano*, 425 U.S. 308, 321 (1976) (citing *Wolff*, 418 U.S. at 556). *See also Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003); *Bostic v. Carlson*, 884 F.2d 1267, 1271 (9th Cir. 1989).

The decision rendered on a disciplinary charge must be supported by "some evidence" in the record. *Hill*, 472 U.S. at 455. A finding of guilt cannot be "without support" or "arbitrary," *id*. at 457, and the information that forms the basis for the decision must possess some indicia of reliability to support due process. *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard, however, is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact

6

finder. *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994) (citing *Hill*, 472 U.S. at 455-56; *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987)). *See also Barnsworth v. Gunderson*, 179 F.3d 771, 773 (9th Cir. 1990); *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987). Determining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986). Indeed, in examining the record, a court is not to make its own assessment of the credibility of witnesses or re-weigh the evidence. *Hill*, 472 U.S at 455. The question is whether there is any reliable evidence in the record that could support the decision reached. *Toussaint*, 801 F.2d at 1105.

When a prison disciplinary committee relies upon statements by a confidential inmate informant, additional requirements are imposed. Due process requires that the record contain some factual information from which the committee could reasonably conclude that the information was reliable and a prison official's affirmative statement that safety considerations precluded the disclosure of the informant's identity. *Zimmerlee*, 831 F.2d at 186-87. Reliability may be established by:

> (1) the oath of the investigating officer appearing before the committee as to the truth of his report that contains confidential information, (2) corroborating testimony, (3) a statement on the record by the chairman of the committee that he had firsthand knowledge of sources of information and considered them reliable based on the informant's past record, or (4) an in camera review of the documentation from which credibility was assessed. Proof an informant previously supplied reliable information is sufficient.

*Id*. (internal citations omitted).

On the facts in this case, Petitioner's disciplinary conviction meets the requirements imposed by the federal due process clause. Petitioner does not contend that prison officials failed to provide him with advance written notice of the charge against him, an opportunity to call witnesses or present evidence, or a written statement of the evidence relied upon. The record also contains factual information from which the committee could reasonably conclude that the

information was reliable and a prison official's affirmative statement that safety considerations precluded the disclosure of the informant's identity.  Specifically, the Confidential Informant Disclosure Form signed by Sergeant Chavez reflects that the identity of the source could not be disclosed without endangering the source or the security of the institution, and that the source was considered reliable because he incriminated himself in criminal activity at the time he provided information and part of the information provided by the source had already prove to be true. Moreover, Petitioner's disciplinary conviction is supported by some evidence in the record.  Part C of Petitioner's RVR reflects that he was found guilty of the charged rule violation based upon: (1) the testimony of Sergeant Chavez;[2] (2) the discovery by prison staff of Inmate McMillan with a puncture wound to his back; (3) the stabbing occurred during evening yard; (4) Petitioner was identified as the inmate who stabbed Inmate McMillin in the back with an inmate manufactured weapon; (5) an incident report authored by Officer Harwood documenting his discovery that Inmate McMillin had been stabbed; (6) an incident report authored by Office Elliot documenting that he took fifteen photos of Inmate McMillin, six of which document a puncture wound to his back; and (7) information obtained from a confidential informant.  (Pet. Ex. F).  Based on the above evidence, the Senior Hearing Officer found that Petitioner attempted to murder Inmate McMillin because he stabbed him in the back with an inmate manufactured weapon, and this action would lead a reasonable person to conclude that Petitioner intended to cause death.  The Chief Disciplinary Officer later determined that Inmate McMillan's injuries did not support Petitioner's disciplinary conviction for the act of attempted murder, and accordingly reduced the act to battery on an inmate with a weapon.  As discussed above, a federal court considering a Petitioner's habeas corpus claim is not required to examine the entire record, independently assess witness credibility or weigh evidence.  *Hill*, 472 U.S. at 455-56.  The disposition of a disciplinary hearing must be upheld if there

---

[2] The substances of Sergeant Chavez's testimony is not specified in the record.  However, the record contains a Confidential Informant Disclosure Form signed by Sergeant Chavez reporting that his source witnessed Petitioner stab Inmate McMillan in the back with an inmate manufactured weapon.

is any reliable evidence in the record to support the conclusion reached by the fact finder. The evidence recited above meets the minimally stringent "some evidence" standard and thus supports the decision reached in Petitioner's disciplinary proceedings.

Moreover, AEDPA establishes a highly deferential standard for evaluation of a state-court ruling. Accordingly, a federal court considering a Petitioner's federal habeas corpus petition must review and give deference to the last reasoned state-court decision on the merits of a petitioner's claim. Here, the Lassen County Superior Court determined that:

> Petitioner, an inmate at High Desert State Prison (HDSP), alleges there is not enough evidence to support a finding of guilt in disciplinary proceedings at HDSP held 11/21/06. The court will not re-weigh or reevaluate the evidence that was present in the in-prison administrative disciplinary proceedings. The petitioner has failed to show that there is no evidence to support the administrative disciplinary determinations. The petition for writ of habeas corpus is denied. (*Superintendent v. Hill* (1985) 472 U.S. 445, 455-456.)

(Pet. at Ex. K). The state court's decision is not contrary to or an unreasonable application of clearly established federal law, nor is it an unreasonable determination of facts in light of the evidence.

Petitioner is not entitled to federal habeas corpus relief on his claim.

## VI. CONCLUSION

Accordingly, IT IS RECOMMENDED that the pending petition for writ of habeas corpus be denied. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file petitioner may address whether a certificate of appealability should issue

in the event he elects to file an appeal from the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 9, 2011

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE

10